The Honorable John H. Chun

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BELLWETHER RENTON SAGE, LLC.<br><br>Plaintiff,<br>v.<br><br>DARREN MICHAEL BRIN©,<br><br>Defendant. | CASE NO. 2:25-cv-00946-JHC<br><br>SUPPLEMENTAL MOTION FOR DEFAULT JUDGMENT |

**Fed. R. Civ. P. 55(b)(2); RCW 62A.3-603, 604]**

COMES NOW Plaintiff and Counterclaimant **Darren Michael Brin**, and respectfully moves this Court for entry of **Default Judgment** against Defendant **Bellwether Renton Sage, LLC**, pursuant to **Federal Rule of Civil Procedure 55(b)(2)**. This motion supplements the Motion for Entry of Default filed April 28, 2025, and is supported by the following record:

**I. PROCEDURAL HISTORY AND SERVICE**

On **April 2, 2025**, Plaintiff served Attorney **Randy Redford** of Puckett & Redford via the King County Superior Court e-filing system with:

- Verified Counterclaim,
- Declaration of Counterclaim and Notice of Commercial Claim (DCANOCC),
- Formal Demand Letter.

On **April 4, 2025**, Plaintiff served **Bellwether Renton Sage, LLC** with the same documents via U.S. Postal Service, including:

- Notice of Discharge,
- Bonded Bill of Exchange (#DMB06062924-000124),
- IRS Form 1099-OID Instruction Letter,
- Certificate of Dishonor.

These documents are attached as **Exhibit G** and were also included in prior administrative presentments dating back to November 2024.

Under **CR 12(a)**, Plaintiff's response deadline was **April 24, 2025**. No answer or appearance was filed.

On **April 28, 2025**, Plaintiff filed a **Motion for Entry of Default** in King County Superior Court and served it on both Bellwether and Puckett & Redford. Still, no response was received.

On **May 19, 2025**, Plaintiff removed the matter to this Court. Under **Fed. R. Civ. P. 81(c)(2)(C)**, Defendant had 7 additional days—until **May 26, 2025**—to file a response. The only appearance by Plaintiff's counsel came on **May 20, 2025**, and was not a proper responsive pleading, and was filed **after procedural and commercial default had attached**.

## II. UNREBUTTED DISCHARGE AND COMMERCIAL DEFAULT

Defendant's Counterclaim included sworn allegations of:

- Forged Notice of Appearance (Ex. L),
- Fraudulent lease and ERPP agreement (Ex. C, M, & N)
- Doctored Certified Mail label and false proof of service (Ex. D),

Brin - Supplemental Motion for Default Judgement - Page 2 of 4

- Improper use of Defendant's Social Security Number (Ex. G),
- Unauthorized use of commercial instruments.

Despite having received the Counterclaim, Notice of Discharge, and accompanying instruments, **Plaintiff failed to respond**. Under **RCW 62A.3-603 and 3-604**, Plaintiff's failure to act constitutes **legal and commercial discharge** and confirms **dishonor by silence**.

### II-A. PRIOR NOTICE VIA CEASE & DESIST LETTER TO CFO JENNIFER NGUYEN (MARCH 26, 2025)

On **March 26, 2025**, Plaintiff emailed a formal **Cease & Desist letter** to **Jennifer Nguyen**, Chief Financial Officer of Bellwether Renton Sage, LLC, at **jngyuen@bellwetherhousing.org**. The letter included:

- A clear explanation of the discharge process,
- Reference to the **Bonded Bill of Exchange**,
- Commercial timeline of tender, dishonor, and default,
- A demand to cease all enforcement activity and litigation based on a discharged claim.

Although the BBOE itself was not attached, the explanation was detailed and clear. Given Ms. Nguyen's prior role at **Deutsche Bank**, Plaintiff reasonably asserts that she understood the legal and financial nature of the tender and knowingly disregarded it.

Bellwether **did not respond** to the letter and **instead proceeded to file court documents based on fraudulent instruments**, fabricated appearances, and false assumptions of jurisdiction.

The email and timeline proof are attached as **Exhibit A**

### III. LEGAL BASIS FOR DEFAULT JUDGMENT

Default judgment is warranted under:

- **Fed. R. Civ. P. 55(b)(2)** – Defendant failed to appear or answer;
- **FRCP 81(c)(2)(C)** – Defendant failed to respond after removal;

- **RCW 62A.3-603, 3-604** – Discharge by tender and dishonor;
- *United States v. Shaffer Equip. Co., 11 F.3d 450 (4th Cir. 1993)* – fraud on the court;
- *Marshall v. Jerrico, Inc., 446 U.S. 238 (1980)* – due process violations require remedy.

### IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court grant default judgment and award:

1. **$300,000** in damages for fraud, constitutional violations, emotional distress, reputational harm, identity misuse, and commercial dishonor;

2. **Declaratory judgment** voiding all documents filed under or attached to the fraudulent Notice of Appearance (Ex.L), including the lease (Ex M) and ERPP (Ex.N);

3. **Permanent injunction** enjoining enforcement of any writ, order, or judgment issued under **King County Case #25-2-07246-1 KNT**;

4. **Costs of suit** and such other relief as the Court deems just and proper.

Respectfully Signed and submitted this 27th day of May, 2025.

By _____
  Darren Michael Brin, Counterclaimant,
  All Rights Reserved, without prejudice.

All filed Exhibits appear in (Dk #10)
Some documents have attached exhibits

1150 Union Ave NE, Apt 7-3
Renton, WA 98059-4455
(425) 523-4186
darrenbrin08@gmail.com

Brin - Supplemental Motion for Default Judgement - Page 4 of 4