UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BELLWHETHER RENTON SAGE LLC,[1]<br><br>Plaintiff,<br><br>v.<br><br>DARREN MICHAEL BRIN,<br><br>Defendant. | CASE NO. 2:25-cv-00946-JHC<br><br>ORDER |

On May 19, 2025, the Court ordered pro se Defendant Darren Michael Brin to show cause why this matter should not be remanded to the Superior Court of Washington for King County. Dkt. # 6. Brin contends that this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331. Dkt. # 1 at 1. But the Complaint does not present any federal questions and only states a state-law unlawful detainer claim. Dkt. # 1-1.

On May 23, 2025, Brin responded to the Court's Order to Show Cause. Dkt. # 16. He asserts that he is bringing several federal counterclaims against Plaintiff, including for Federal

---

[1] The Complaint filed in King County state court names the Plaintiff as "Bellwether Renton Sage LLC." Dkt. # 1-1. But the Docket lists Plaintiff's name as "Bellwether Renton Sage, LLC." *See generally* Dkt. For consistency, the Court uses the latter.

ORDER - 1

Debt Collection Practices violations. Dkt. # 16 at 8. But removability "cannot be created by [a] defendant pleading a counter-claim presenting a federal question." *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985); *see also Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1118 (D. Minn. 2001) ("The well-pleaded complaint rule . . . requires that a federal cause of action be stated on the face of the complaint before a defendant may remove the action based on federal question jurisdiction."). Plaintiff's complaint does not plead any claims arising under federal law. Dkt. # 1-1. Thus, there is no federal question jurisdiction.

And even if a counterclaim could serve as the basis for removability, Brin's "allegations" that purportedly "present multiple substantial federal questions" do not state a federal claim. For example, he contends that the Court has jurisdiction under 42 U.S.C. § 408(a)(8) because Plaintiff misused his Social Security Number. *Id.* at 1. But § 408 is a statute that criminalizes Social Security fraud and does not provide a private right of action. *See Johnson Bene v. Wells Fargo*, No. 22-CV-06782-LB, 2023 WL 4332388, at *5 (N.D. Cal. July 3, 2023); *see also Thomas v. Dep't of Child Support Servs.,* No. 18-3236, 2019 WL 1371150, at *5 (C.D. Cal. Jan. 18, 2019), *report and recommendation adopted*, 2019 WL 1364969 (C.D. Cal. Mar. 25, 2019), *aff'd sub nom. Thomas v. Div. of Child Support Servs.*, 19-55454, 2019 WL 5390030 (9th Cir. Sept. 19, 2019) ("Courts, thus, have found Section 408 only establishes criminal penalties and does not provide a basis for a private civil cause of action.") (collecting cases).

Brin also contends that Plaintiff violated 42 U.S.C. §§ 1983 and 1985(3). But § 1983 concerns state actors and private entities can only be held liable under the statute if "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)) (alteration in original); *Sutton v. Providence St. Joseph Med. Ctr.*, 192

F.3d 826, 835 (9th Cir. 1999). ("Only in rare circumstances" will a court view a private party as a state actor for § 1983 purposes). Brin's response does not explain how Plaintiff's unlawful-detainer claim constitutes state action, nor does there appear to be a conceivable basis for treating Plaintiff as a state actor for § 1983 purposes.

Furthermore, for a cause of action to exist under § 1985, a party must show "(1) some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action, and (2) the conspiracy was aimed at interfering with rights that are protected against private, as well as official encroachment." *Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1037 (W.D. Wash. 2019) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993)) (alteration in original). Brin only cursorily asserts that the state court proceedings involve "racial and economic discrimination."[2]

Based on the above, the Court REMANDS this case to King County Superior Court for all further proceedings. The Court STRIKES as moot all pending motions, including those at Dkt. ## 2, 8, 22, 24. The Court DIRECTS the Clerk to mail a certified copy of this Order to the Clerk of the state court under 28 U.S.C. § 1447(c).

Dated this 28th day of May, 2025.

John H. Chun
United States District Judge

---

[2] Brin also asserts that this matter raises substantial federal issues including (1) forgery and unauthorized filing of court pleadings in his name; (2) denial of procedural and substantive due process under the Fifth and Fourteenth Amendments; (3) fraud on the court; and (4) "unrebutted commercial discharge of the alleged debt via bonded instrument." Dkt. # 16 at 1. But these cursory allegations fail to state a federal claim. *See California Equity Mgmt., Grp., Inc. v. Hammer*, No. 1: 12-CV-01204-AWI, 2012 WL 3069954, at *2 (E.D. Cal. July 26, 2012).