UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BELLWHETHER RENTON SAGE LLC,<br><br>Plaintiff,<br><br>v.<br><br>DARREN MICHAEL BRIN,<br><br>Defendant. | CASE NO. 2:25-cv-00946-JHC<br><br>ORDER |

This matter comes before the Court on pro se Defendant Darren Michael Brin's Motion to Stay Remand Pending Appeal. Dkt ## 28, 29 (duplicate motion).[1] Previously, the Court remanded this unlawful detainer action to King County Superior Court. Dkt. # 26. Brin then appealed. Dkt. ## 27 and 33.

The issuance of a stay pending appeal is "an exercise of judicial discretion" and depends on "the circumstances of the particular case." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (internal quotation marks and citations omitted). Courts are guided by the following four factors: (1) whether the party requesting the stay has made a strong showing that they are likely

---

[1] Brin has also filed a motion to stay with the Ninth Circuit. Case No. 25-3441, Dkt. # 3.

ORDER - 1

to succeed on the merits; (2) whether the requesting party will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Id.*  As an alternative to the first two factors, the party requesting the stay "must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008) (internal quotation omitted).

Assuming Brin has shown potential irreparable injury, he still has not shown any likelihood of success on the merits, nor has he presented a serious legal question for the Ninth Circuit to resolve.  As the Court noted in a previous order, removability cannot be created by a defendant pleading a counterclaim that presents a federal question.  Dkt. # 26 at 2.  And Brin's allegations against Plaintiff did not raise any federal questions.  *Id.*  For example, Brin asserted that the Court had federal question jurisdiction under 42 U.S.C. § 408(a)(8) because Plaintiff misused his Social Security Number.  *Id.*  But § 408 is a statute that criminalizes Social Security fraud and does not provide a private right of action.  *Id.  See also U.S. Bank Nat'l Ass'n v. Azam*, 582 F. App'x 710, 710–11 (9th Cir. 2014) (determining that "the district court properly remanded the action because, even assuming that the prosecution of the unlawful detainer action violated Azam's right to racial equality as a Persian–American, Azam failed to establish that the state court could not enforce this right because a California statute or a constitutional provision purported to command the state court to ignore her federal civil rights."); *Guardia Piazza D'Oro, LLC v. Ellis-Sanders*, No. 324CV00407RBMAHG, 2024 WL 1361906, at *2 (S.D. Cal. Mar. 29, 2024) (noting that "substantial legal questions include a genuine matter of first impression in the Ninth Circuit, or new Supreme Court or Ninth Circuit precedent changing the law or that are inconsistent with the court's reasoning") (citing *Griffin v. Harrington*, No. CV 10-08753-VBF-SP, 2013 WL 3873958, at *2 (C.D. Cal. Jan. 18, 2013)).

And Brin has not satisfied 28 U.S.C. § 1443's substantive requirements for removal. Removal under § 1443(1) requires the defendant to show that the case involves "a right under any law providing for . . . equal civil rights." 28 U.S.C. § 1443(1). § 1443(1) presents a "specific and extremely narrow" ground for removal. *Davis v. Superior Ct. of Cal.,* 464 F.2d 1272, 1273 (9th Cir.1972). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. . . .Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) *abrogated on other grounds by BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021) (internal quotation omitted). Brin's allegations are insufficient to satisfy either prong of the two-part test governing § 1443(1) removals. As to § 1443(2), this section "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Brin does not allege that he is a federal officer or agent. The Court reiterates that Brin has not shown that the Court has jurisdiction over the underlying unlawful detainer matter.

For these reasons, Brin's motion to stay is DENIED.

Dated this 3rd day of June, 2025.

John H. Chun
United States District Judge

ORDER - 3